# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APEX PHYSICAL THERAPY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ZACHARY BALL, TODD LINEBARGER, and ADVANCED PHYSICAL THERAPY, LLC, <br><br> Defendants. | Case No. 3:17-cv-00119-JPG-DGW <br><br><br> Consolidated with: |
| ZACHARY BALL, TODD LINEBARGER, and ADVANCED PHYSICAL THERAPY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> APEX PHYSICAL THERAPY, LLC, <br><br> Defendant. | Case No. 3:17-cv-00746-JPG-DGW |

## MEMORANDUM & ORDER

**J. PHIL GILBERT, District Judge:**

This matter comes before the Court on Advanced Physical Therapy, LLC's motion to dismiss for lack of personal jurisdiction (Doc. 15) and Zachary Ball's, Todd Linebarger's, and Advanced Physical Therapy, LLC's joint motion to retransfer or, in the alternative, motion to dismiss claims asserted by Advanced Physical Therapy, LLC. (Doc. 48.) For the following reasons, the Court **DENIES** both motions.

1

**BACKGROUND**

This suit involves a dispute between two physical therapy companies: Apex Physical Therapy, LLC ("Apex") and Advanced Physical Therapy, LLC ("Advanced"). Apex is an Illinois limited-liability company with its principal place of business in Illinois. (Compl. at ¶ 1, ECF No. 1.) Advanced is a Missouri limited-liability company that claims to have never had any contact with Illinois prior to being a named defendant in this lawsuit. (Mot. to Dismiss at ¶ 2, ECF No. 15.)

Apex operates a network of physical therapy rehabilitation facilities. (Compl. at ¶ 10.) Part of their business model includes providing services to industrial and corporate clients, with the goal of assisting injured employees and reducing lost work hours. *Id.* One of these clients is Tyson Foods ("Tyson"). (Compl. at ¶ 40.) Apex and Tyson have a relationship dating back to May 2005. (Compl. at ¶ 47.) At least one customer of Apex—Prime Inc. ("Prime")—has written a positive testimonial letter for Apex's work. (Compl. at ¶ 31.)

The story of this litigation centers around two former employees of Apex—Zachary Ball and Todd Linebarger—who left Apex in August 2016 to work for Advanced. (Compl. at ¶ 12–15.) Advanced's articles of incorporation had been filed two months earlier in June 2016, when Ball and Linebarger still worked at Apex. (Compl. at ¶ 15–16.) Ball is the chief executive officer of Advanced and is one of its two members, along with his wife. (Notice of Removal at ¶ 19, ECF No. 1; Compl. at ¶ 5.) Linebarger is the director of business development at Advanced. (Compl. at ¶ 6.) Ball and Linebarger had previously signed agreements with Apex that prohibited both employees from making personal use of Apex's confidential information, including referral sources. (Compl. at ¶ 18–30.)

After Ball and Linebarger left Apex for Advanced, complications arose. First, Apex claims that Ball and Linebarger contacted Prime and asked the company to write a testimonial

for the two employees identical to the one that Prime had previously written for Apex. (Compl. at ¶ 32–33.) Advanced posted the Prime testimonial on its website and the language appears almost identical to the one written for Apex, substituting the words "Ball and Linenbarger" for "Apex". (Compl. at ¶ 35–37.) Second, Apex claims that Linebarger and Ball contacted Tyson in an attempt to poach the account from Apex and secure it for Advanced. (Compl. at ¶ 40–49.) Apex initially brought suit against Advanced, Ball, and Linebarger in Illinois state court.

There are five counts in Apex's complaint, but only two of them involve Advanced. First, Apex alleges in Count IV that Advanced engaged in tortious interference with business expectancy through its conduct relating to Tyson. (Compl. at ¶ 82–88.) Second, Apex alleges in Count V that Ball, Linebarger, and Advanced engaged in a civil conspiracy to attack Apex's business, including the conduct relating to both Tyson and Prime. (Compl. at ¶ 89–93.) Ball, Linebarger, and Advanced then removed the case to federal court and Advanced moved to dismiss for lack of personal jurisdiction. Ball, Linebarger, and Advanced also brought a parallel suit against Apex in Missouri state court seeking a declaration that the restrictive covenants in the employment agreements are unenforceable and an injunction enforcing the declaration. Apex removed that action to the U.S. District Court for the Western District of Missouri; that Court transferred the case to this district; and this Court consolidated the two cases. (Consolidation and Show Cause Order, ECF Doc. 39.) Advanced's motion to dismiss for lack of jurisdiction survived this series of removals, transfers, and consolidations, and remains pending. Advanced argues that they are not subject to personal jurisdiction in Illinois because they have not had any contact with Illinois during the short life of the company. (Mot. to Dismiss at ¶ 1–4.)

## DISCUSSION

I. **Legal Standards**

3

When a defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that personal jurisdiction over the defendant exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If there are material facts in dispute regarding jurisdiction, the Court must hold an evidentiary hearing at which the plaintiff must establish jurisdiction by a preponderance of the evidence. *Id.* (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). Alternatively, the Court may rule on the motion to dismiss based on the submitted written materials and without a hearing so long as it resolves all factual disputes in the plaintiff's favor. *Purdue Research*, 338 F.3d at 782 (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997)). If the Court consults only the written materials, the plaintiff need only make a prima facie showing of personal jurisdiction. *Purdue Research*, 338 F.3d at 782 (citing *Hyatt*, 302 F.3d at 713).

A federal court sitting in diversity looks to the personal-jurisdiction laws of the state in which the court sits to determine if it has jurisdiction. *Hyatt*, 302 F.3d at 713 (citing *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992)). Under Illinois law, the state long-arm statute permits personal jurisdiction over a party to the extent allowed under the due process provisions of the Illinois and United States constitutions. 735 ILCS 5/2-209(c); *Hyatt*, 302 F.3d at 714. The Seventh Circuit has suggested that there is no operative difference between Illinois and federal due process limits on the exercise of personal jurisdiction. *Hyatt* at 715.

Federal due process permits two categories of personal jurisdiction: general and specific. Specific jurisdiction arises out of a defendant's suit-related contacts with a state. *Calder v. Jones,* 465 U.S. 783, 788 (1984). There are two elements: (1) the defendant must purposefully direct his activities at the forum state, and (2) the defendant's forum-related activities must be the cause of

4

the plaintiff's injury. *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In respect to intentional torts, the *Tamburo* court carved the inquiry into three factors: there must be "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Id.* at 703. *See also Felland v. Clifton*, 682 F.3d 665, 674–75 (7th Cir. 2012) (reiterating the *Tamburo* standard). Even though the personal jurisdiction inquiry in an intentional tort action must necessarily turn on the merits of plaintiff's claims, plaintiffs are not required to prove that the defendant has actually committed the tort in order to proceed with the case—allegations in the complaint will suffice. *Id.* at 676.

**II.     Analysis**

Here, Apex claims in Count IV of its complaint that Advanced engaged in tortious interference with business expectancy against Apex. Under Illinois state law, this tort has four elements: (1) the plaintiff must have a reasonable expectancy of entering into a valid business relationship; (2) the defendant must have knowledge of the expectancy; (3) the defendant must intentionally and unjustifiably induce or cause a breach or termination of the expectancy; and (4) the plaintiff must suffer damages from the defendant's interference. *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 406–07, 667 N.E.2d 1296, 1299 (1996).

Apex has made a prima facie case that this Court has personal jurisdiction over Advanced through the tortious interference claim. First, there is intentional and allegedly tortious conduct—Advanced's interference with Apex's and Tyson's outstanding business relationship. Second, the conduct was expressly aimed at the forum state—Illinois—because Apex is an Illinois-based company. Third, Advanced knew that the allegedly-tortious conduct would injure Apex in

5

Illinois because Ball and Linebarger—given their previous employment with Apex—knew that Apex was an Illinois-based company.

Apex has also made a prima facie case that this Court has personal jurisdiction over Advanced through the civil conspiracy claim. In order to state a claim for civil conspiracy under Illinois law, a plaintiff must "allege an agreement and a tortious act committed in furtherance of that agreement." *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 133, 720 N.E.2d 242, 258 (1999). Here, the civil conspiracy claim is predicated on the underlying tortious interference claim, for which there is already personal jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Advanced's motion to dismiss for lack of personal jurisdiction (Doc. 15) and **DENIES** Zachary Ball's, Todd Linebarger's, and Advanced's joint motion to retransfer or, in the alternative, motion to dismiss claims asserted by Advanced. (Doc. 48.)

**IT IS SO ORDERED.**
**DATED:  September 6, 2017**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
