IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| APEX PHYSICAL THERAPY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-119-JPG-DGW |
| | ) | |
| ZACHARY BALL, TODD LINEBARGER, | ) | |
| and ADVANCED PHYSICAL THERAPY, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter was before the Court for a telephonic discovery dispute conference on November 2, 2017. Plaintiff contends that Defendants' responses to its second requests for production of documents (numbers 7 through 25) are deficient and that Defendants should be made to supplement. The Court sets forth its ruling as follows.

By way of background, this is a breach of contract action filed by Plaintiff Apex Physical Therapy, LLC ("Apex") against Defendants Zachary Ball, Todd Linebarger, and Advanced Physical Therapy, LLC ("Advanced"). Plaintiff claims that Defendants Ball and Linebarger, its former employees, breached their confidentiality and/or employment agreements and, along with Advanced, tortiously interfered with Apex's business expectancy and engaged in a civil conspiracy to attack Apex's business.

With regard to the discovery dispute now before the Court, Plaintiff contends that Defendants' objections to its second requests for production of documents are improper and argue that its requests seek documents relevant to the claims in this lawsuit. Plaintiff further asserts that

said requests are narrowly tailored.   Defendants maintain that their objections are appropriate as the disputed requests seek information not relevant to any claim in Plaintiff's complaint.

Federal Rule of Civil Procedure 26(b) limits discovery to nonprivileged matters that are relevant to any party's claim or defense and proportional to the needs of the case.   The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary.  *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Balderston v. Fairbanks Morse Engine Div. of Coltec Industries*, 328 F.3d 309, 320 (7th Cir. 2003).   However, for discovery purposes, relevancy is construed broadly to encompass matters that bear on, or reasonably could lead to other matters that could bear on, any issue in the case. *Bd. of Trustees of the Univ. of Ill. v. Micron Technology, Inc.*, Case No. 2:11-cv-2288-SLD-JEH, 2016 WL 4132182, *2 (C.D. Ill., Aug. 3, 2016); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Plaintiff's complaint in this matter specifically alleges that Defendant Ball's employment agreement and Defendant Linebarger's confidentiality agreement prohibited them "from making personal use of Apex's Confidential Information, including Referral Sources" (Doc. 1-1, ¶¶ 19, 26).  Plaintiff incorporates these allegations in setting forth its claims against Defendants Ball, Linebarger, and Advanced.   Accordingly, Plaintiff bases its claims, at least in part, on Defendants' misappropriation of "Confidential Information."   In the relevant employment and confidentiality agreements, which were appended to Plaintiff's complaint, "Confidential Information" was defined as "manuals, processes, methods, techniques, templates, documents, electronic files, contracts, Referral Sources …, projected results, supplier lists (including existing and potential supplier information), pricing, marketing, computer programs, skills, performance

specifications, technical and other data, designs, schematics, equipment, set-up, billing, samples, products and services information …, financial information and results and other information and know-how relating to or useful in the business or operations of any of the APEX Related Parties." (*see* Doc. 1-1, pp. 16, 20).

Plaintiff's requests for production are directed at the types of documents clearly within the scope of the above-cited definition of "Confidential Information." Accordingly, the requested documents are relevant to Plaintiff's claims that Defendants Linebarger, Ball, and Advanced made improper, personal use of Plaintiff's Confidential Information in breach of relevant employment and confidentiality agreements, to interfere with Plaintiff's business. The Court cannot accept Defendants' argument that Plaintiff's claims in this matter are limited to the misappropriation of referral sources as that is clearly contradictory to a plain reading of the Complaint.

For these reasons, Defendants are **ORDERED** to supplement their responses to Plaintiff's second requests for production of documents by **November 14, 2017.** Defendants may seek entry of a protective order prior to producing documents it deems confidential. The parties shall submit to the Court (DGWpd@ilsd.uscourts.gov) a proposed protective order by **November 9, 2017**. If the parties are unable to agree on the contents of a proposed protective order, they may each submit separate proposed orders.

**IT IS SO ORDERED.**

**DATED: November 3, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**