# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APEX PHYSICAL THERAPY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ZACHARY BALL, TODD LINEBARGER, and ADVANCED PHYSICAL THERAPY, LLC, <br><br> Defendants. | Case No. 3:17-cv-00119-JPG-DGW <br><br><br> Consolidated with: |
| ZACHARY BALL, TODD LINEBARGER, and ADVANCED PHYSICAL THERAPY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> APEX PHYSICAL THERAPY, LLC, <br><br> Defendant. | Case No. 3:17-cv-00746-JPG-DGW |

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Apex Physical Therapy, LLC ("Apex") seeks an appeal of Magistrate Judge Wilkerson's order denying Apex leave to amend their complaint. (Doc. 76.) For the following reasons, the Court **GRANTS** Apex's appeal.

This is a breach of contract dispute involving two physical therapy companies and a few of their employees. Originally, this case centered on Apex's allegation that Linebarger and Ball—two former employees of Apex who now work for Advanced Physical Therapy, LLC

1

("Advanced")—transferred referral sources from Apex to Advanced in breach of certain confidentiality agreements. Apex's proposed amended complaint, however, expands the case beyond referral sources: Apex now wants to include forms, templates, manuals, marketing strategies and procedures, business contacts, and business information. (*See* Doc. 67-1.) While the amended complaint does not add any new counts to the complaint, it nevertheless balloons the scope of this case.

The issue here is that the deadline to amend the pleadings was September 18, 2017, but Apex did not move to amend their complaint until January 2, 2018—17 days before the close of discovery. (Doc. 67.) The motion remained pending for over a month, and in the meantime, Advanced, Linebarger, and Ball filed motions for summary judgment. (Doc. 72, 73, 74.) About ten days after those parties filed the motions for summary judgment, Magistrate Judge Wilkerson entered an order denying Apex's motion to amend their complaint. (Doc. 75.) In his order, Magistrate Judge Wilkerson opined:

> Here, the Court finds that amending the Complaint at this late date would unduly delay the proceedings. Apex filed its Motion to Amend on January 2, 2018, seventeen days before the close of discovery — which had already been extended twice. All parties agree the proposed amended complaint would add new legal claims (Doc. 67, p. 3; Doc. 68, p. 12). Granting Apex's motion would therefore require discovery to be reopened, dispositive motions to be refiled, and the trial date to be reset. Thus, the Court finds allowing Apex to file an amended complaint at this late date would unduly delay the proceedings.

(*Id.*)

Now, Apex objects to Magistrate Judge Wilkerson's order on the grounds that "undue delay in the proceedings" is not an appropriate reason to deny a motion to amend a complaint. (Doc. 76.) A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. *See* FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The district court may overturn a magistrate judge's

decision when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Federal Rule of Civil Procedure 15(a)(2) governs motions to amend pleadings. The Rule instructs that the Court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). The Seventh Circuit has instructed that Courts should deny a leave to amend, however, when there exists "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Undue delay generally exists when an incredibly large gap of time exists between the original complaint and the motion to amend. *See, e.g., McCoy v. Iberdrola Renewables, Inc*., 760 F.3d 674, 687 (7th Cir. 2014) (finding undue delay when a party filed a motion to amend a counterclaim twenty months after they were first named as a party and six months after the district court dismissed the original counterclaims); *Soltys v. Costello,* 520 F.3d 737, 743 (7th Cir. 2008) (affirming a denial of a motion to amend filed 14 months after the complaint and two weeks before trial); *Alinsky v. United States*, 415 F.3d 639, 648 (7th Cir. 2005) (affirming a denial of a motion to amend that the plaintiff filed three years after the initial complaint and eight months after the plaintiff completed discovery).

In this case, while there was a delay between the deadline of September 18, 2017 to amend the pleadings and Apex's motion to amend on January 2, 2018, that delay was only about three-and-a-half months. Moreover, this case began in 2017—a motion to amend the complaint on January 2, 2018, while discovery is still ongoing, is reasonable and presents a much different scenario from cases like *McCoy*, *Soltys*, and *Alinsky, supra*. And even though the opposing party will have to engage in additional discovery if the Court grants the motion to amend, justice so requires that Apex should be able to add the additional information that it discovered so that this

3

case can be "decided on the merits rather than on bare pleadings." *Fuhrer v. Fuhrer*, 292 F.2d 140, 143 (7th Cir. 1961).

Accordingly, the Court **GRANTS** Apex's motion to appeal Magistrate Judge Wilkerson's order. (Doc. 76.) The Court **OVERRULES** Magistrate Judge Wilkerson's order (Doc. 75) and will permit Apex to file the proposed amended complaint that they attached to their motion to amend. (Doc. 67-1.) The Court also **FINDS AS MOOT** the pending motions for summary judgment. (Docs. 72, 73, 74.) The parties should confer with Magistrate Judge Wilkerson for a new scheduling order in this case.

**IT IS SO ORDERED.**

**DATED: MARCH 28, 2018**

> *s/ J. Phil Gilbert*
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**