# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APEX PHYSICAL THERAPY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZACHARY BALL, TODD LINEBARGER, and ADVANCED PHYSICAL THERAPY, LLC,<br><br>    Defendants. | Case No. 3:17-cv-00119-JPG-DGW<br><br><br><br><br>Consolidated with: |
| ZACHARY BALL, TODD LINEBARGER, and ADVANCED PHYSICAL THERAPY, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>APEX PHYSICAL THERAPY, LLC,<br><br>    Defendant. | Case No. 3:17-cv-00746-JPG-DGW |

## **MEMORANDUM AND ORDER**

**J. PHIL GILBERT, DISTRICT JUDGE**

This is a breach of contract dispute between two physical therapy companies—Apex Physical Therapy, LLC ("Apex") and Advanced Physical Therapy, LLC ("Advanced")—and two employees that used to work for Apex, but now work for Advanced: Zachary Ball and Todd Linebarger. Now that Apex has filed an amended complaint, Advanced has once again moved for a dismissal for lack of personal jurisdiction. (Doc. 84.)

The Court has already ruled on this issue. Apex has made a prima facie case that this Court has personal jurisdiction over Advanced. Through Apex's tortious interference with

1

business expectancy claim, Apex alleges that Advanced expressly aimed their conduct at the forum state—Illinois—because Apex is an Illinois-based company and Advanced knew that Apex was an Illinois-based company. (*See generally* Doc. 51.)

Advanced's only new argument in their renewed motion is that this case is indistinguishable from another case where the Seventh Circuit found that there was no personal jurisdiction: *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440 (7th Cir. 2010). Advanced's argument is wrong. In *Mobile Anesthesiologists Chicago*, an Illinois doctor accused a Texas doctor of cybersquatting on a domain name that the Illinois doctor thought was too similar to his own trademark. The Seventh Circuit found that the Illinois court could not assert specific personal jurisdiction over the Texas doctor pursuant to an express targeting theory because (1) the Texas doctor did not know that the Illinois doctor existed until he received a cease-and-desist letter, which was not sufficient on its own to establish express aiming; (2) the registered trademark did not put the Texas doctor on constructive notice of the Illinois doctor's existence; and (3) the website itself did not constitute express aiming. *Mobile Anesthesiologists Chicago*, 623 F.3d at 446–47. That is dramatically different from this case, where Advanced knew that Apex existed in Illinois and allegedly tried to sabotage their business relationship with another corporation.

Accordingly, the Court **DENIES** Advanced's motion to dismiss for lack of personal jurisdiction. (Doc. 84.)

**IT IS SO ORDERED.**

**DATED: APRIL 16, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**