IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **APEX PHYSICAL THERAPY, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-00119-JPG-DGW |
| | ) | |
| **ZACHARY BALL, TODD LINEBARGER** | ) | |
| **and ADVANCED PHYSICAL THERAPY,** | ) | |
| **LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

On May 17, 2018 an in person discovery dispute conference was held before Magistrate Judge Donald G. Wilkerson. Alicia Goedde and Matthew Jacober appeared on behalf of Plaintiff[1] and Wade Early appeared on behalf of Defendants. After hearing from the parties, the Court enters the following Order:

Federal Rule of Civil Procedure 26(b) limits discovery to non-privileged matters relevant to any party's claim or defense and proportional to the needs of the case. The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Balderston v. Fairbanks Morse Engine Div. of Coltec Industries*, 328 F.3d 309, 320 (7th Cir. 2003). However, for discovery purposes, relevancy is construed broadly to encompass matters that bear on, or reasonably could lead to other matters that could bear on, any issue in the case. *Bd. of Trustees of the Univ. of Ill. v.*

---

[1] Legal Intern Shoshana Shanes also appeared on behalf of Plaintiff.

*Micron Technology, Inc.*, Case No. 2:11-cv-2288-SLD-JEH, 2016 WL 4132182, *2 (C.D. Ill., Aug. 3, 2016); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Based on the information presented during the conference, the Court makes the following findings and enters the following Order:

1. The parties indicated that Interrogatory 13 of Plaintiff's Second Set of Interrogatories is no longer at issue;

2. Defendants shall supplement their answer to Interrogatory 14 of Plaintiff's Second Set of Interrogatories by June 18, 2018;

3. Subject to identification in the documents produced, Defendants are not required to supplement interrogatories 16 and 17;

4. Defendant Advanced Physical Therapy is ordered to produce the documents requested in paragraphs 25 and 26 of Plaintiff's Second Request for Production of Documents, and subject to the protective order in this case (Doc. 65), by June 18, 2018;

5. At this time, Defendants Ball and Linebarger are not required to produce any documents in response to paragraph 25 of Plaintiff's Third Request for Production of Documents. After review of the other documents produced, Plaintiff may motion the Court to revisit its order regarding paragraph 25 if appropriate;

6. Plaintiff indicated it will limit the documents it is seeking in paragraph 30 of Plaintiff's Third Request for Production of Documents to only those Apex documents Defendants Ball and Linebarger received while employed at Apex. Defendants Ball and Linebarger shall produce the documents responsive to paragraph 30, as limited herein, by June 18, 2018;

**IT IS SO ORDERED.**

**DATED: May 17, 2018**   

                                             **DONALD G. WILKERSON**
                                             **United States Magistrate Judge**