# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APEX PHYSICAL THERAPY, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>ZACHARY BALL, TODD LINEBARGER, and ADVANCED PHYSICAL THERAPY, LLC,<br><br>      Defendants. | Case No. 3:17-cv-00119-JPG-DGW<br><br><br><br>Consolidated with: |
| ZACHARY BALL, TODD LINEBARGER, and ADVANCED PHYSICAL THERAPY, LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>APEX PHYSICAL THERAPY, LLC,<br><br>      Defendant. | Case No. 3:17-cv-00746-JPG-DGW |

## **MEMORANDUM AND ORDER**

**J. PHIL GILBERT, DISTRICT JUDGE**

Advanced Physical Therapy, LLC ("Advanced"), Zachary Ball, and Todd Linebarger have appealed an order from Magistrate Judge Wilkerson regarding discovery in this case. (ECF No. 99.) This is a breach of contract suit involving two physical therapy companies: Apex Physical Therapy, LLC ("Apex") and Advanced. Ball and Linebarger used to work for Apex, but they left and formed Advanced. Apex now alleges that Ball and Linebarger breached restrictive covenants in their former employment contracts by funneling certain referral sources, forms,

1

templates, and basically Apex's "entire business model" over to Advanced. Ball and Linebarger have countersued and argue that the restrictive covenants are not enforceable.

Discovery in this case has been somewhat contentious. At one point, Apex requested that Advanced list its "monthly and yearly gross profits, net income, and net expenses" and provide its "monthly, quarterly, and annual financial reports" and bank account statements. Advanced contended that this information was not discoverable, essentially because Advanced thinks the information is not admissible evidence at trial and thus not relevant. Magistrate Judge Wilkerson held a hearing on the issue and ruled that the information was discoverable under Federal Rule of Civil Procedure 26, but he did not rule on the admissibility of the evidence in question. (ECF No. 93.)

Advanced now appeals. (ECF No. 99.) But Magistrate Judge Wilkerson did not clearly err in his decision, so this Court will not set it aside. *See* FED R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Federal Rule of Civil Procedure 16(b)(1) provides:

> (b) DISCOVERY SCOPE AND LIMITS.
> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(emphasis added). The brunt of Advanced's appeal is that they believe that "the financial information is not admissible at trial as the wealth and financial standing of [Advanced] is irrelevant and prejudicial…." They point out that in this case, Apex must prove its own lost profits to a reasonable degree of certainty, *Smart Marketing Group v. Publications Intern Ltd.*,

624 F.3d 824, 829 (7th Cir. 2010), meaning that Advanced's profits are irrelevant. This argument fails, considering Apex's theory here is that Advanced, Linebarger, and Ball unlawfully usurped Apex's business practices for their own financial gain—so of course the financial information of both parties is relevant to determining how much profit Apex has allegedly lost. Advanced cites the "general rule" of *Manns v. Briell*, 349 Ill. App. 3d 358, 362, 811 N.E.2d 349, 353 (2004) in their favor, but that case is irrelevant: not only does it analyze Illinois state rules regarding discovery rather than the federal rules, but it also dealt with an automobile accident where one party was improperly seeking the entirety of the other party's financial records simply to see if it was worth pursuing a judgment against them. *Id.* at 352–53. That is a far cry from this case, where the financial records are relevant to Apex's burden of proof in showing their lost profits. Furthermore, there is no reason why Magistrate Judge Wilkerson's discovery order would be burdensome on Advanced: the company is only about two years old—meaning that these monthly, quarterly, and annual reports are not excessively numerous—and the documents are shielded by a protective order that only allows the counsel of record in this case to view them.

Advanced also spends some time arguing about whether Apex has properly stated a claim for unjust enrichment and whether they are entitled to disgorgement damages in this case, but the Court will not address those issues right now. Magistrate Judge Wilkerson did not rule on those questions and they therefore exceed the scope of this appeal. Accordingly, the Court **DENIES** the defendants' appeal. (ECF No. 99.)

**IT IS SO ORDERED.**

**DATED:  JUNE 25, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
