# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APEX PHYSICAL THERAPY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ZACHARY BALL, TODD LINEBARGER, and ADVANCED PHYSICAL THERAPY, LLC, <br><br> Defendants. | Case No. 3:17-cv-00119-JPG-DGW <br><br><br> Consolidated with: |
| ZACHARY BALL, TODD LINEBARGER, and ADVANCED PHYSICAL THERAPY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> APEX PHYSICAL THERAPY, LLC, <br><br> Defendant. | Case No. 3:17-cv-00746-JPG-DGW |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Zachary Ball and Todd Linebarger have moved to dismiss Apex Physical Therapy, LLC's first amended complaint. (ECF Nos. 85, 86.) This is the second time that the Court has denied motions to dismiss from these parties. (*See* ECF Nos. 13, 14, 38.) And once again, the Court **DENIES** these motions.

**I.     BACKGROUND**

This is a breach of contract dispute between two physical therapy companies: Apex Physical Therapy, LLC ("Apex") and Advanced Physical Therapy, LLC ("Advanced"). The suit

1

also involves two employees that used to work for Apex, but then left and formed Advanced: Zachary Ball and Todd Linebarger. (First Am. Compl., ECF No. 83, ¶¶ 9, 28–30.) Basically, Ball and Linebarger signed agreements with Apex that prohibited them from making personal use of Apex's confidential information, and Apex now says that Ball and Linebarger have breached those agreements in the course of their employment at Advanced. As this Court has extensively described in previous orders, Apex alleges that Ball and Linebarger funneled a great deal of confidential business information from Apex to Advanced, "including its forms, templates, manuals, marketing strategies and procedures, business contacts, and information surrounding its products and services, and essentially usurping Apex's business practices and model, in an effort to develop business for Advanced in the state of Arkansas." (*Id*. at ¶¶ 71, 83.) Apex also says that the two employees (1) contacted a client of Apex's and successfully petitioned them to a write a testimonial for Advanced identical to one that the client had already written for Apex; and (2) attempted to poach a Tyson Foods account from Apex. (*Id.* at ¶¶ 46–58.)

Ball and Linebarger brought a countersuit, seeking a declaration that the restrictive covenants in the employment agreements are unenforceable. They have again filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)—this time targeting the first-amended complaint—arguing that (1) the complaint does not meet the federal pleading standards; and (2) the restrictive covenants in the contracts are so unreasonable that they are not enforceable. (ECF Nos. 85, 86.)

## II. LEGAL STANDARDS

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

The first amended complaint meets the pleading standards of *Twombly* and *Iqbal*. Ball and Linebarger argue that the complaint fails because it nakedly asserts that the two employees funneled "forms, templates, manuals, marketing strategies and procedures, business contacts, and information surrounding [Apex's] products and services," rather than identifying or attaching any specific documents. That is an incredibly narrow and incorrect reading of *Twombly*. In order to meet the pleading standards of that case, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson*, 551 U.S. at 93). The first amended complaint unequivocally gives Ball and Linebarger fair notice of the grounds upon which the claims in this case rest: they began to form Advanced while they still worked for Apex (First Am. Compl., ECF No. 83, ¶¶ 9, 28–30); they had signed restrictive covenants with Apex that prohibited them from using the Apex's confidential information (*Id*. at ¶¶ 32–34); and in breach of that contract, they pilfered confidential information from Apex—including forms,

templates, manuals, business contacts, referral sources, etc.—and used them at their new company. (*Id.* at ¶¶ 46–58, 71, 83.) Ball and Linebarger have cited no case law that requires Apex to specifically identify every misappropriated document in the complaint, and that is almost certainly because those are matters that ripen during discovery, summary judgment, and trial—not now.

Ball and Linebarger also argue that the first amended complaint fails because the restrictive covenants are unenforceable, but the Court already addressed this in its order denying Ball and Linebarger's motion to dismiss the original complaint. (*See* ECF No. 38.) As the Court already explained, whether restrictive covenants are enforceable depends "on the specific facts and circumstances of the individual case," including "the near-permanence of customer relationships, the employee's acquisition of confidential information through his employment, and time and place restrictions." *Reliable Fire Equip. Co. v. Arredondo*, 965 N.E.2d 393, 403 (Ill. 2011). Because that is a fact-specific inquiry, it is not appropriate to adjudicate at the motion to dismiss stage. This stage only asks whether the plaintiff has stated a plausible claim for relief.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Ball's and Linebarger's motions to dismiss. (ECF Nos. 85, 86.)

**IT IS SO ORDERED.**

**DATED: JUNE 25, 2018**

<u>s/ *J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**