# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APEX PHYSICAL THERAPY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZACHARY BALL, TODD LINEBARGER, and ADVANCED PHYSICAL THERAPY, LLC,<br><br>    Defendants. | Case No. 3:17-cv-00119-JPG-DGW<br><br><br><br>Consolidated with: |
| ZACHARY BALL, TODD LINEBARGER, and ADVANCED PHYSICAL THERAPY, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>APEX PHYSICAL THERAPY, LLC,<br><br>    Defendant. | Case No. 3:17-cv-00746-JPG-DGW |

## **MEMORANDUM AND ORDER**

## **J. PHIL GILBERT, DISTRICT JUDGE**

Apex Physical Therapy, LLC has filed a motion asking for permission to file under seal their response to the pending motion for summary judgment. (ECF No. 135.) Judicial proceedings leading to a final decision and materials on which a judicial decision rests are presumptively in the public domain. *Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir.2006); *Methodist Hosps., Inc. v. Sullivan,* 91 F.3d 1026, 1031 (7th Cir.1996); *cf. Grove Fresh Distrib., Inc. v. Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir.1994). There is a common law right of access to documents filed in litigation. *Methodist Hosps.,* 91 F.3d at 1031; *Nixon v.*

1

*Warner Comm., Inc.,* 435 U.S. 589, 597–99, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). "Public scrutiny over the court system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." *Grove Fresh,* 24 F.3d at 897; *see generally Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980).

There are exceptions, however, to the general rule of access to court documents. For example, a court may seal records to ensure that the records are not "'used to gratify private spite or promote public scandal' through the publication of 'the painful and sometimes disgusting details of a divorce case.'" *Nixon,* 435 U.S. at 598 (quoting *In re Caswell,* 18 R.I. 835, 29 A. 259 (R.I.1893)). Courts have also sealed records or portions of them to prevent court files from "serv[ing] as reservoirs of libelous statements for press consumption" or to protect "business information that might harm a litigant's competitive standing." *Nixon,* 435 U.S. at 598 (citations omitted).

Here, the Court has reviewed all of the relevant materials and does not believe that Apex Physical Therapy, LLC's right to keep certain business facts from disclosure overcomes the public's right to inspect judicial documents. The Court accordingly **DENIES** the motion for leave to file under seal (ECF No. 135) and **DIRECTS** Apex to re-file its response to the motion for summary judgment in an unredacted form. The plaintiffs' reply to Apex's response, if any, is still due on or before January 11, 2019.

**IT IS SO ORDERED.**

**DATED: JANUARY 7, 2019**

                                                  <u>s/ *J. Phil Gilbert*</u>
                                                  **J. PHIL GILBERT**
                                                  **U.S. DISTRICT JUDGE**